UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD DAUVAL,

    Appellant,

v.

    Case No. 8:22-cv-2945-TPB
    Bankr. Case No. 8:20-bk-02284-CPM
    Adv. Proc. No. 8:22-ap-0022-CPM

LINDA A. POTTER,

    Appellee.
_____ /

## ORDER DENYING MOTION TO DISMISS APPEAL

This matter is before the Court on Appellee Linda A. Potter's "Motion to Dismiss Appeal." (Doc. 2). Appellant Richard Dauval filed a memorandum in opposition to the motion on January 26, 2023. (Doc. 11).

Appellee argues that the judgment appealed from is not an appealable partial final judgment because the bankruptcy court in directing entry of judgment did not expressly track the language of Fed. R. Civ. P. 54(b) (incorporated by Bankruptcy Rule 7054). Accordingly, she asserts, the Court lacks jurisdiction over the appeal. The Court rejects this argument. The final judgment of dismissal as to Appellee represented an end to judicial labor and left nothing more for the bankruptcy court to do with respect to Appellant's claims against Appellee. While not tracking the language of Rule 54(b), the bankruptcy court by citing the rule and directing entry of judgment demonstrated an "unmistakable intent" to enter partial final judgment

under that rule. *See Mitchell v. Vill. Capital & Inv., LLC*, No. 21-12627, 2022 WL 3099263, at *3 (11th Cir. Aug. 4, 2022); *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc); *see also E.E.O.C. v. Delta Air Lines, Inc.*, 578 F.2d 115, 116 (5th Cir. 1978).

Furthermore, "the reasons for the entry of the judgment are obvious and remand to the [bankruptcy] court would result only in unnecessary delay in the appeal process." *Mitchell*, 2022 WL 3099263, at * 3. The adversary proceeding seeks to invalidate a settlement agreement entered into by the defendants, which include Appellee. It manifestly serves the interests of judicial economy to determine whether the bankruptcy court has jurisdiction as to Appellee before the adversary proceeding (which has been abated) moves forward to a conclusion. Accordingly, Appellee's motion to dismiss the appeal is denied.

As the appeal of the bankruptcy court's order dismissing Appellee and the appeal of the bankruptcy court's separate order dismissing defendant The Northern Trust Company from the adversary proceeding have been consolidated for all purposes, Northern Trust need not file a motion to intervene. *See* (Docs. 13; 14). Appellant represents that his arguments on appeal as to Northern Trust would be virtually identical to those raised in his brief as to Appellee Potter. Accordingly, Appellant need not file another brief addressing Northern Trust. Appellees Potter and Northern Trust are directed to file their respective briefs addressing Appellant's arguments on the merits on or before June 21, 2023.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Appellee's "Motion to Dismiss Appeal" (Doc. 2) is **DENIED**.

2. Appellees Linda A. Potter and The Northern Trust Company will file their briefs on or before June 21, 2023.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22d day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**